## Warmcastle *v.* Scottish Union & National Insurance Company, Appellant.

*Insurance—Fire insurance—Lightning—Loss by wind or storm.*

While an insurer is liable for all losses which may result from or can be fairly attributed to the peril insured against, the insurer may impose such conditions as he pleases, and while assuming the burden of indemnity against lightning, he may stipulate in the same connection against any liability for loss by wind or storm.

Where a contract of fire insurance provides that the "policy shall cover any direct loss or damage caused by lightning," but "in no case to include loss or damage by cyclone, tornado or wind storm," the burden is upon the insured to distinguish between the two elements of damage and to show what was caused by lightning and what by wind storm.

In such a case it may be difficult for the jury to draw the line between the damage caused directly by the lightning, and that caused by the wind, but it must be done, for there is no warrant in the policy for holding the defendant liable in any way for the damage caused by the wind storm.

Argued Nov. 4, 1901. Appeal, No. 73, Oct. T., 1901, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1900, No. 15, on verdict for plaintiff in case of Charles A. Warmcastle v. Scottish Union & National Insurance Company. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Assumpsit on a policy of fire insurance.    Before EVANS, J.

At the trial it appeared that the policy in suit contained this stipulation:

" This policy shall cover any direct loss or damage caused by lightning (meaning thereby the commonly accepted use of the term lightning, and in no case to include damage or loss by cyclone, tornado or wind storm)."

The evidence in the case tended to show that the property insured was struck by lightning on May 29, 1899, during a violent thunder and wind storm.    The defendant introduced evidence which tended strongly to show that much of the damage was caused by the wind.    Defendant presented the following points:

1. The burden is upon the plaintiff to prove by the preponderance of evidence that his building was injured by lightning and to show the amount of the direct loss or damage caused thereby, exclusive of cyclone, tornado or wind storm.    *Answer:* Refused. [1]

3. If the jury should believe from the evidence that the plaintiff's building was struck by lightning and injured somewhat and weakened, and the wind did the main damage, the jury must strictly confine its verdict to the actual direct damage done by the lightning, exclusive of the damage done by the wind.    *Answer:* Refused. [2]

4. If the jury should believe that the plaintiff's building was struck by lightning, and the plaintiff not having offered any evidence as to the amount of direct loss or damage occasioned thereby, he cannot recover more than nominal damages.    *Answer:* Refused. [3]

Verdict and judgment for plaintiff for $3,089.40.    Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*W. K. Jennings*, for appellant.—The case of Beakes v. Phœnix Ins. Co., 143 N. Y. 402; 38 N. E. Repr. 453, was almost identical with the present, and is squarely against the appellee's contention.

*James S. Young* and *W. H. McClung*, for appellee.—The rule laid down in Beakes v. Ins. Co., may be good in law in

New York but it is out of keeping with the general law on the same subject.

The plaintiff is entitled to the most favorable construction of the policy. If any doubt exists in regard to its meaning, that doubt may be resolved to his advantage and to further his protection under the policy : Humphreys v. National Benefit Assn., 139 Pa. 271 ; Teutonia Fire Ins. Co. v. Mund, 102 Pa. 95 ; Kister v. Lebanon Mut. Ins. Co., 128 Pa. 566.

OPINION BY MR. JUSTICE POTTER, January 6, 1902 :

The policies of insurance upon which this suit was brought were of the ordinary standard form, providing for indemnity against fire ; but in addition thereto, liability for direct damage by lightning was assumed by a specific agreement attached to the policy, in the following words : " This policy shall cover any direct loss or damage caused by lightning (meaning thereby the commonly accepted use of the term lightning, and in no case to include loss or damage by cyclone, tornado or wind storm)."

It is perfectly clear that under this clause the insurer stipulated not only that it would be liable to the insured for direct loss or damage caused by lightning, but that it was also expressly excluded from any liability for damages caused by cyclone, tornado or wind storm.

The testimony seems to show some injury by lightning, and that great damage was also caused by wind. In order to recover under the terms of the policy, it was incumbent upon the plaintiff to distinguish between the two elements of damage. For that resulting from the lightning, he had a right to recover ; but for that which was caused by the wind there was no liability whatever upon the part of the defendant. This is the clear and definite contract entered into by the parties and, any attempt to extend it beyond the terms expressly stipulated in the words of the policy would be to substitute a new agreement in its stead.

The defendant's counsel presented three points for charge, which sought to confine the verdict of the jury to the direct damage caused by lightning, exclusive of that caused by the wind. These points were refused by the court, and the jury were instructed that they might take into consideration not

only the effect of the lightning but the subsequent injury by the wind, apparently upon the theory that the building was weakened by the lightning stroke, and thus rendered more susceptible to the effect of the wind. It is true that as a general principle the insurer is liable for all losses which result from or can be fairly attributed to the peril insured against, but it is equally true that the insurer may impose such conditions as it pleases, and while assuming the burden of indemnity against lightning, it may stipulate in the same connection against any liability for loss by wind or storm. This is just what was done by the terms of the policy in suit.

The defendant was entitled to an affirmance of the points which were refused. It may be difficult for the jury to draw the line between the damage caused directly by the lightning, and that caused by the wind; but it must be done, for there is no warrant in the policy for holding the defendant liable in any way for the damage caused by the wind storm.

The assignments of error are therefore all sustained; the judgment is reversed and a venire facias de novo awarded.