# Warmcastle *v.* Scottish Union & National Insurance Company, Appellant.

*Insurance—Lightning—Windstorm—Evidence.*

In an action on a policy of insurance against a direct loss from lightning, but not from a windstorm, the case is for the jury where one witness testifies that a flash of lightning and the fall of a side wall of the building insured were simultaneous, and another testifies to the same thing as to the roof with the further fact that the material fell outward toward the wind.

Argued Oct. 31, 1904.   Appeal, No. 137, Oct. T., 1904, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1900, No. 15, on verdict for plaintiff in case of Charles A. Warmcastle v. Scottish Union & National Insurance Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.   Affirmed.

Assumpsit on a policy of insurance.   Before KENNEDY, P. J. The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $3,667.95.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*W. K. Jennings*, with him *D. C. Jennings*, for appellant.

*James S. Young*, with him *D. M. Miller*, and *C. W. Reamer*, for appellee.

PER CURIAM, December, 31, 1904:

When this case was here before, 201 Pa. 302, it was held that a direct loss for damages from lightning was within the policy but loss from windstorm was not, and therefore it was incumbent on the plaintiff to distinguish between the two kinds of damage however difficult that might be.   The only question now before us is whether the jury had sufficient evidence to enable them to make the distinction.   We are of opinion that they had.   At least one witness testified that the flash of light-

ning and the fall of the side wall were simultaneous and another testified to the same thing as to the roof with the further fact that the materials fell outwards towards the wind.   It was a fair inference that the damage came directly from the lightning and only a jury could draw it.

Judgment affirmed.