THE HOME INSURANCE COMPANY, a corporation of the State of New York, Defendant Below, Plaintiff in Error, *vs.* BENJA-MIN WOLFMAN, Plaintiff Below, Defendant in Error.

(*January* 19, 1926.)

WOLCOTT, Chancellor, PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*Charles F. Curley* and *Horace M. Schell* (of the Philadelphia Bar) for plaintiff in error.

*Daniel O Hastings, Clarence A. Southerland* and *John J. Morris, Jr.*, for defendant in error.

Supreme Court, October Term, 1925.

No. 5, October Term, 1925.

202

PENNEWILL, C. J., delivering the opinion of the court:

The plaintiff in error, the defendant below, seeks in this court to reverse the judgment of the lower court on the ground that the plaintiff did not produce any evidence from which the jury could determine how much of the damage was caused by lightning, and how much by the wind. The clause contained in the

policies sued on, and which on this writ of error is the material portion of the policy contracts, reads as follows:

"This policy also covers direct loss or damage to the property insured by lightning (meaning thereby the commonly accepted use of the term 'lightning' and in no case to include loss or damage by cyclone, tornado, or windstorm) whether fire ensues or not."

The plaintiff in error, the defendant below, does not contend in this court, as it did in the court below, that the plaintiff sustained no damage from lightning. Its case here is based entirely on the evidence produced by the plaintiff , and it is admitted that it appears from such evidence that some damage was done to the plaintiff's merchandise and fixtures by lightning—the peril insured against. But the defendant insists that it also appears from plaintiff's evidence, that part of the damage he suffered was caused by wind, which was not insured against; and there being no evidence showing how much of the damage was caused by lightning alone, the jury had nothing from which they could determine the amount of such damage. The defendant, therefore, claims that the verdict was speculative and the judgment of the lower court should be reversed.

All the assignments of error go to this one point, and need not be quoted.

■ Wolfman does not concede that his damage resulted in part from wind, but on the contrary claims that it was caused by lightning alone. It was only for such damage that he sought to recover in the court below, and he insists that the evidence he produced at the trial was sufficient to warrant the jury in believing that all the damage he sustained was caused by lightning. If the evidence was sufficient to warrant such belief we are bound to conclude that the jury, in reaching their verdict, had regard to damage caused by lightning only. And this conclusion is aided by the fact that the court, in its charge, confined the jury to such damage. In view of the contract sued on, the testimony given, and the contentions of counsel, the court properly instructed the jury as follows:

"Under the language of the policies, here in suit, while the defendant companies were liable for any direct loss or damage caused by lightning or by water which reached the goods or fixtures solely by reason of the action of the lightning, they were not and are not liable for any damages caused by cyclone, tornado or windstorm nor for damages caused by water which reached said goods or fixtures by reason of the action of any cyclone, tornado or windstorm.

"As a corollary to the foregoing instruction, we say to you that the plaintiff is entitled to recover all damage which he may have proven to your satisfaction, by a preponderance of the evidence, which was caused by lightning itself, or by rain which reached the merchandise or fixtures of the plaintiff solely by reason of the action of the lightning."

The only question, therefore, for this court to determine is whether there was any evidence from which the jury could reasonably believe that all of the damage the plaintiff below sustained was caused by lightning. To do this, it will be necessary to examine the evidence, showing or tending to show that lightning made the hole in the roof of the building through which the water entered that damaged the plaintiff's fixtures and merchandise. The plaintiff says the hole was made by a bolt of lightning; the defendant claims it was made by the falling of bricks and timbers on the roof, precipitated from the top of an adjoining building by a terrific windstorm. The important and crucial question is, Was the hole in the roof caused by lightning alone, or rather, was there any evidence which justified the jury in believing it was?

(The court here analyzed the evidence.)

The court are of the opinion that under the evidence the jury might reasonably believe the entire damage suffered by the plaintiff was caused by lightning. Such being the case, the judgment of the lower court must be affirmed, for it is well settled law in this state that if there is any evidence which justified the verdict rendered, or upon which the verdict could be reasonably based, it should not be disturbed.

Our analysis of plaintiff's evidence, and the conclusion drawn therefrom, make it unnecessary to comment on the authorities cited by the plaintiff in error, the defendant below. *Warmcastle v. Scottish Union & National Insurance Co.*, 201 *Pa.* 302, 50 *A.* 941; *Id.*, on retrial, 210 *Pa.* 362, 59 *A.* 1105; *Beakes v. Phoenix Ins. Co.*, 143 *N. Y.* 402, 38 *N. E.* 453, 26 *L. R. A.* 267; and other cases cited in the brief of the plaintiff in error.

The present case is, in its facts, unlike those upon which the defendant below relies, in that there is evidence which warrants the conclusion that all the damage was caused by the peril insured against. It is not a case where the damage was clearly and unquestionably caused, in part, from the peril insured against and, in part, from a peril not insured against.

The judgment of the court below will be affirmed.