# A. H. Meyer Company *v.* Segal, Appellant.

*Affidavit of defense—Practice C. P.—Purchase of beer.*

In an action for beer sold and delivered to a licensed retail liquor dealer whose place of business was in a large hotel, where the statement of claim is explicit as to deliveries and the amount due an affidavit of defense is insufficient which avers that defendant never "personally" ordered the beer or "personally" agreed to pay the amount claimed, that the beer was charged to the hotel, in the account annexed to the statement, and that the account was not sufficiently explicit as to what beer was sold and delivered.

. Submitted Dec. 11, 1914.    Appeal, No. 159, Oct. Term, 1914, by defendant, from order of C. P. No. 4, Phila. Co., March T., 1914, No. 2,899, making absolute rule for judgment for want of a sufficient affidavit of defense in case of A. H. Meyer Company v. Berl Segal, trading as Hotel Majestic.    Before Rice, P. J., Orlady, Head, Kephart and Trexler.    Affirmed.

Assumpsit for goods sold and delivered.

. Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of sufficient affidavit of defense.

, *A. S. Ashbridge, Jr.,* for appellant.

*Ehrlich and Archbald,* for appellee.

Opinion by Henderson, J., April 19, 1915:

The defendant's appeal is from a judgment of the court below on a rule for judgment for want of a sufficient affidavit of defense. The plaintiff's action was for the price of beer sold to the appellant who was at the time of the sales a licensed vender of liquor at retail and

engaged in business in a building known as the Hotel
Majestic in Philadelphia. The statement sets forth the
defendant's business and that the plaintiff sold him the
quantity of beer set forth in the copy of account at-
tached to the statement; that the prices stated were
just and reasonable and the price agreed on between
the plaintiff and the defendant. The whole of the
plaintiff's claim was $435.20 on which four credits
amounting in the aggregate to $34.00 were allowed.
The affidavit does not contain a denial that the mer-
chandise was ordered for, and delivered to, the defend-
ant. He denies that he "personally" ever gave any
orders for the purchase of beer from the plaintiff dur-
ing the time covered by the account and denies that he
"personally" ever agreed to pay the sums mentioned
in the account. It is obvious that such a denial is in-
sufficient to meet the plaintiff's demand. It may well
be that the plaintiff did not personally order the beer—
presumably much of the business at his hotel is carried
on by agents, but there is no allegation that it was not
ordered on his behalf and on his account. Nor is there
a denial that the beer was received and sold by him or
by his servants. The principal objection presented in
the affidavit is that the account is not sufficiently explicit
to enable him to understand what was sold to him by
the plaintiff and what was delivered to him. If the
case stood on a copy of the book account alone, there
might be some force in this objection, but this account
is not the statement of claim; it is an exhibit merely
to cast light on the statement. The two are to be
considered together and thus observing them there need
be no difficulty in understanding that the account is for
thirty half-barrels of beer sold to the plaintiff between
October 23, 1913, and January 9, 1914. The account for
each date gives the number of half-barrels and the
price. The total amount of the bill agrees with the
amount set forth in the statement and we think suffi-
ciently informs the defendant that he is indebted to the

plaintiff in the sum of $401.20 for the quantities of beer set forth in the account sold at the dates and for the prices stated. The objection that the account is charged against the Hotel Majestic is unimportant. That is admitted to have been the defendant's place of business and when the statement and the copy of the book entries are taken together it is not a valid objection to the account that it is not charged in the name of the defendant: Fritz v. Hathaway, 135 Pa. 274. If he got the beer he is liable for the contract price or in the absence of such contract, for the market price. The facts presented in the pleadings support the action of the court below.

The judgment is affirmed.