### Rodgers, Appellant, *v.* Mann.

Argued April 20, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*L. Halpern Miller,* with him *Levick & Wexler,* for appellant.

*Henry B. Sachs,* of *Sachs & Sachs* and *Abraham Wernick,* for appellee, were not heard.

PER CURIAM, May 10, 1932:

Plaintiff appeals from refusal of judgment for want of sufficient affidavit of defense.

The case concerns the sale of five separate pieces of land under five distinct written agreements. Defendant, among other defenses, sets up a contemporaneous oral agreement. Both plaintiff and defendant allege default on the other's part, and each denies the other's averments. The pleadings consist of the statement of claim, an affidavit of defense raising questions of law (which was overruled and defendant allowed fifteen days to file an affidavit to the merits), and two separate additional affidavits of defense to the merits of plaintiff's claim subsequently filed, in one of which new matter was set up to which plaintiff replied and entered a rule to strike off the new matter, which the court dismissed. Plaintiff's rule for judgment was discharged, the lower court stating in its opinion: "This being a case where a proper judicial determination of the controversy would be facilitated by an opportunity for a broader inquiry into the facts than presented by the bare pleadings, the rule for judgment is consequently discharged."

Examination of the record definitely indicates that plaintiff's contention is not "clear and free from doubt," and that the court below rightly refused summary judgment: Windisch v. First Camden N. B. & T. Co., 306 Pa. 194.

The order of the court below refusing judgment is affirmed.