## Roddy v. United States Fire Insurance Company

*John E. McDonough*, for plaintiff.
*Howard M. Lutz*, for defendant.

MacDade, J., June 12, 1935.—The plaintiff brings a suit in assumpsit against the defendant for the sum of $1,500, with interest from February 9, 1934, based upon a policy and contract of fire insurance, number 2904541,

dated April 26, 1930, issued by the defendant to the plaintiff to cover certain premises in the Borough of Eddystone and insuring the plaintiff against loss by fire.

The said policy also provides:

"This entire policy shall be void, unless otherwise provided by agreement in writing added hereto, this Company shall not be liable for loss or damage occurring. . . .

"(g) By explosion or lightning, unless fire ensue, and in that case for loss or damage by fire only."

Duly regarding this clause the plaintiff further avers in the statement of claim the following:

"2. On February 9, 1934, a fire occurred in the premises covered by said policy, in the Borough of Eddystone, Delaware County, Pa., and by reason thereof said property was totally destroyed, and was damaged and injured by direct damage in the sum of $1,500."

It was averred, it will be noticed, that the direct damage was by fire and that by reason thereof the property (real property) was totally destroyed.

Other averments in the statement of claim are:

"3. Immediate notice of the fact of said fire was given to John E. McDonough, the agent of the said defendant corporation in the City of Chester.

"4. Proof of loss under oath was made by the said plaintiff, Thomas Roddy, on March 31, 1934.

"5. The original proof of loss was delivered to the said John E. McDonough, agent of the said defendant corporation, for transmission to the defendant within 60 days of February 9, 1934.

"6. A copy of the said proof of loss under oath filed by the plaintiff, Thomas Roddy, is hereto attached and marked exhibit 'B'.

"7. The loss set forth by the plaintiff in this proof of loss so forwarded, establishes a direct loss in the sum of $1,500.

"8. The sum of $1,500, with interest thereon from February 9, 1934, is surely due and owing by the defend-

ant to the plaintiff, for the recovery of which this suit is brought."

To this showing by the plaintiff the defendant files an affidavit of defense, setting up, inter alia, what is termed "new matter", which is as follows:

"9. Defendant avers that in and by the policy of insurance to recover upon which this suit is brought it is provided, inter alia, as follows:

" 'Unless otherwise provided by agreement in writing added hereto, this Company shall not be liable for loss or damage occurring.

" '(g) by explosion or lightning, unless (Explosion,) fire ensue, and in that event for loss (Lightning) or damage by fire only.'

"Defendant is informed, believes, expects to be able to prove at the trial of the case and therefore avers that as a consequence of seepage of gas into the cellar of the plaintiff the same exploded and totally destroyed the building in said policy of insurance mentioned and the contents thereof, and that such loss or damage was occasioned solely by said explosion and not by fire. Defendant avers that by reference to the policy of insurance sued upon it more fully and at large appears that there was no endorsement in writing upon said policy extending the coverage of the said policy to cover loss or damage by explosion and, therefore, there is no liability on the part of the defendant to the plaintiff."

Endorsed upon the said affidavit of defense, is the following:

"You are hereby required to reply to the new matter herein contained within fifteen days from service hereof.

"Howard M. Lutz,

"Attorney for Defendant."

The plaintiff having failed to reply to alleged "new matter" within 15 days, the defendant entered a rule upon the plaintiff to show cause, if any he has, why judgment should not be entered for want of a reply to new matter.

This is the rule we are now considering. Is the defendant entitled to a summary judgment therefor?

The practice herein is correct in moving for judgment when there is no reply to new matter and the statute seems to require an answer to be filed to the new matter: Act of March 30, 1925, P. L. 84, 85, sec. 6; Act of April 22, 1929, P. L. 627. See also Ridley Park Borough v. American Surety Co. of N. Y., 317 Pa. 263; Federal Sales Co. of Phila. v. Farrell, 264 Pa. 149, 152.

Under the Act of 1925, supra, a reply to new matter other than a counterclaim set up in an affidavit of defense is compulsory: Fidelity & Casualty Co. v. Gizynski, 93 Pa. Superior Ct. 152.

Since the passage of the Act of 1929, supra, we believe it is the duty of the plaintiff to reply to new matter, if it be an affirmative defense, by admitting the fact, or, if controverted, to allege affirmatively how the loss did occur if it was not occasioned by explosion. The new matter alleges that the explosion was occasioned by illuminating gas. The plaintiff ought to be compelled either to admit or deny that averment. If the loss was occasioned as alleged in the affidavit of defense, there is no liability under the policy. If it was not so occasioned, the plaintiff should be compelled to deny the allegations and plead facts in support of the denial.

The plaintiff apparently labors under the delusion that the company is liable for loss or damage by fire no matter when it occurred, whether before or after the explosion. Under the terms of the contract if fire ensues, then the liability of the company is limited to the loss or damage by fire only and the burden is on the plaintiff in the light of the decision of the Supreme Court of Pennsylvania in Warmcastle v. Scottish Union & National Ins. Co., 201 Pa. 302, to differentiate between the two measures of damage. It would seem to be obvious that if a building was totally destroyed by an explosion, it would be wholly immaterial whether or not a fire ensued. See also Mitchell v. Potomac Ins. Co., 183 U. S. 42, and Green v.

Milwaukee Mechanics' Ins. Co. et al., 77 Mont. 505, 252 Pac. 310.

The defendant is entitled to a reply and, if the plaintiff is unwilling to reply to the new matter contained in the affidavit of defense, judgment should then be entered in favor of the defendant and against the plaintiff for failure to reply on the theory that the failure of the plaintiff to do so is an admission of the facts contained in the new matter. However, we think the plaintiff is mistaken in relying upon the principle laid down in the case of Klerlein v. Fred Werner Co., Inc., 98 Pa. Superior Ct. 440, for it was decided upon a record made up before the Act of 1929 was in force, and the Practice Act as then amended (Act of March 30, 1925, P. L. 84), did not expressly require the affidavit to be endorsed with notice to the plaintiff to file a reply to new matter within 15 days. We think he should reply and in justice we shall give him a chance, otherwise the rule herein may be made absolute: Goldner v. Thompson, 67 Pitts. 630; Leis v. Essig et al., 11 D. & C. 110.

Again, it is only in a clear case that a summary judgment can be properly entered: Elliott v. McGoun, 307 Pa. 185; which is not the case here. So, also, it has been said that "Where a proper judicial determination of the controversy would be facilitated by an opportunity for a broader inquiry into the facts than presented by the bare pleadings, a rule for judgment is properly discharged": Rodgers v. Mann, 307 Pa. 452.

### Order

And now, June 12, 1935, the matter of a rule for judgment for the defendant for want of a reply by plaintiff to new matter coming on to be heard by the court en banc, together with oral arguments and briefs, after due consideration thereof the court doth order and decree that the said rule for judgment for defendant for want of a reply by plaintiff to new matter be and is hereby made absolute unless the said plaintiff shall within 10

8

days from the filing of the decree and notice thereof file a reply to new matter in accordance with the act of assembly in such case made and provided sec. reg. et sec. leg.