National Realty Appraisal Company *v.* Art Club of Philadelphia, Appellant.

Argued October 12, 1937.

Before CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*James S. Benn, Jr.,* with him *J. Harry LaBrum,* of *Conlen, LaBrum & Beechwood,* for appellant.

*Harry Shapiro,* for appellee.

OPINION BY RHODES, J., November 10, 1937:

Defendant has appealed from the judgment entered on plaintiff's rule for judgment for want of a sufficient amended affidavit of defense and new matter.

On May 28, 1935, plaintiff and defendant entered into a written contract whereby defendant engaged the services of plaintiff to appraise its property and prepare an appeal on defendant's behalf for the reduction in the city and school tax assessment for the year 1936. Its property is located at No. 220 South Broad Street, Philadelphia. The contract recited that defendant's property was assessed for 1935 at $560,000; that plain-

tiffs services were to cover a thorough investigation, comparison of values, appraisal and statistics as to sales, rentals and building costs, together with a complete analysis of the assessments given to properties of similar types; and that it was to prepare all necessary papers. It further provided that defendant was to be put to no expense in the preparation of these papers or in the presentation and completion of the appeal.

As to plaintiff's compensation the contract stipulated as follows:

"That your commission, or compensation, shall depend entirely upon a saving to the Club, and that you shall receive thirty-three and one-third per cent (33⅓%) of such saving, computed in the following manner:

"From the assessment for 1935, $560,000.00, the assessment for 1936 shall be deducted, and the resulting decrease shall be multiplied by the established rates for the years 1935 or 1936, whichever is the lower; thirty-three and one third per cent (33⅓%) of this result shall be your fee, which becomes due and payable immediately after the 1936 assessment has been established on the City records."

Plaintiff averred in its statement of claim that on May 28, 1935, defendant was the owner of real estate situate at No. 220 South Broad Street, Philadelphia, which premises were then assessed for taxation in the sum of $560,000; that on or about said date plaintiff and defendant entered into the written contract, a copy of which was attached; that, in accordance with the provisions of the contract, plaintiff appraised defendant's property described therein; that a copy of the appraisal was accepted by the defendant on September 30, 1935; that plaintiff conferred with the district appraiser for and on behalf of the defendant; that plaintiff, on or about October 28, 1935, prepared and, on behalf of the defendant, filed an appeal with the board of revision of taxes, requesting that the board reduce

the tax assessment made against the said property for the year 1936; that, after the date of the execution of the contract and before the filing of the appeal, the board of revision of taxes reduced the tax assessment against defendant's property to the sum of $490,000, or $70,000 less than the assessment made against the same property by the said board for the year 1935; that the assessment was accepted by the defendant.

Plaintiff's suit was brought to recover $612.50, being one-third of the saving of the amount of tax due the city and county of Philadelphia under the original assessment and the amount due under the new assessment.

Defendant in its affidavit of defense admits the material averments of the statement of claim. Defendant admits therein that the contract in question was executed by the respective parties; that plaintiff made an appraisal of defendant's property; that it prepared an appeal and filed the same with the board of revision of taxes; that it conferred with the district assessor; that the assessed valuation of defendant's premises was fixed for the year 1936 at $490,000, or $70,000 less than the assessment for the year 1935. It avers, however, that this reduction was made prior to August 1, 1935, by the real estate assessors for the city of Philadelphia.

Under "New Matter" attached to the affidavit of defense defendant alleged, inter alia, that its property was assessed by the real estate assessors at $400,000, or $70,000 less than the assessment of the said property for the year 1935, subsequent to May 28, 1935, and on or before August 1, 1935; that the assessment was made in the regular course of the assessors' duties; and that plaintiff in no way brought about this result. It also set forth under this heading that the appeal which was prepared and filed by plaintiff was declined by the board of revision of taxes on January 10, 1936, and that no further action was taken by plaintiff. De-

fendant also stated that plaintiff's appraisal of its property was in the amount of $382,933.

The averments under "New Matter" raise no question of fact, and were either virtually repetitions of portions of the affidavit of defense, conclusions, or immaterial statements.

Plaintiff's rule for judgment for want of a sufficient affidavit of defense and new matter was made absolute, and judgment entered for the plaintiff. Plaintiff filed no reply to the new matter; this failure was not questioned; and the court below considered the substantive sufficiency of the affidavit of defense and the new matter attached thereto.

Section 15 of the Practice Act of May 14, 1915, P. L. 483, as amended by section 3 of the Act of April 22, 1929, P. L. 627 (12 PS § 451), requires a reply to be filed to new matter. The proper practice is to file a reply raising questions of law to new matter, with a rule for judgment for want of a sufficient affidavit of defense. *National Cash Register Co. v. Ansell et al.,* 125 Pa. Superior Ct. 309, 189 A. 738. If it then appears that there is no controlling issue of fact raised by the statement of claim and affidavit of defense, nor by the new matter and reply thereto, judgment may be entered for want of a sufficient affidavit of defense. *Ridley Park Borough v. American Surety Co. of New York,* 317 Pa. 263, 177 A. 9. See, also, *Hess et al. v. Merion Title & Trust Company of Ardmore et al.,* 317 Pa. 501, 177 A. 53; *Russ Soda Fountain Co., Inc., v. Victor Pastry Shoppe, Inc. et al.,* 125 Superior Ct. 452, 463, 190 A. 376.

"Judgment on a rule for judgment for want of sufficient affidavit of defense is, in effect, a judgment on demurrer, and must be self-sustaining on the face of the record. *Fritz v. Hathaway,* 135 Pa. 274, 19 A. 1011; *Parry v. First National Bank of Lansford,* 270 Pa. 556, 559, 113 A. 847, 848": *National Cash Register Co. v. Ansell et al.,* supra, 125 Pa. Superior Ct. 309, at

page 314, 189 A. 738, at page 741. Although the sufficiency of the statement of claim may not have been raised in the court below, nevertheless, on a rule for judgment for want of a sufficient affidavit of defense we should not require the affidavit of defense to be more specific than the statement *(Cohen v. Jacob Gordon Building & Loan Ass'n,* 115 Pa. Superior Ct. 354, 357, 175 A. 893), and this court may on appeal, upon examination of the pleadings, determine that the plaintiff's statement of claim is insufficient, although the question was not raised in the court below *(Taggart, Insurance Commissioner, v. De Fillippo,* 315 Pa. 438, 173 A. 423).

Appellant's argument in the instant case first questions the sufficiency of the plaintiff's statement of claim, and is to the effect that, under the contract between plaintiff and appellant, plaintiff was to receive no compensation unless the reduction in the assessment of defendant's property was the result of plaintiff's services. From this premise appellant draws the conclusion that the reduction in the assessment from $560,-000 to $490,000 could not have been the result of plaintiff's services, because it was averred in the statement of claim that the assessment was reduced by the board of revision of taxes before plaintiff filed the appeal. This logic would be convincing if appellant's premise were correct. The contract is neither obscure nor ambiguous, nor is its meaning doubtful. It is not susceptible of the construction for which appellant contends, namely, that plaintiff was to receive compensation for the services to be rendered and described in the contract only if the reduction in appellant's assessment followed as a result of such services. The contract stipulates only that plaintiff (1) was to appraise appellant's property, (2) prepare an appeal, and (3) receive compensation to be calculated in the manner described in the contract.

Appellant's contention that plaintiff's compensation was never intended to be allowed unless the reduction was the result of plaintiff's efforts is without merit. "The intention of the parties is to be deduced from the language employed by them, and the terms of the contract, where unambiguous, are conclusive, in the absence of averment and proof of mistake, the question being, not what intention existed in the minds of the parties, but what intention is expressed by the language used. When a written contract is clear and unequivocal, its meaning must be determined by its contents alone; and a meaning cannot be given it other than that expressed. Hence words cannot be read into a contract which import an intent wholly unexpressed when the contract was executed": 13 Corpus Juris 524, 525.

Appellant's second contention is that plaintiff is not entitled to judgment because the amended affidavit of defense and new matter set up a full and complete defense. To sustain this proposition appellant again reverts to its original, but erroneous, premise, that the contract provided that it agreed to compensate plaintiff only upon condition that plaintiff procured a reduction in the tax assessment as a result of plaintiff's efforts. Proceeding from this assumption, it is argued that the new matter sets forth facts which conclusively demonstrate that plaintiff's services were totally unproductive.

Assuming all the material averments in the affidavit of defense and in the new matter attached thereto to be true, plaintiff is entitled to judgment. Plaintiff's performance of its part of the contract is admitted. No question of fact is raised by the pleadings. The formula for the calculation of plaintiff's compensation is applicable. Neither appellant nor the courts can now rewrite the contract on the basis of what may have been unexpressed intentions at the time of its execution. The terms of the contract are clear and unambiguous. That

which is plainly expressed cannot be overcome or modified by an unwarranted assumption of the omission of an unexpressed provision. There is no allegation of fraud, accident, or mistake in the omission of the alleged intention that plaintiff should receive no compensation for the services which it rendered unless a saving to appellant was the direct result of such services.

Judgment is affirmed.

President Judge KELLER did not sit at the argument of this case or participate in the decision.