## Holladay, Appellant, *v.* Fidler.

Argued April 10, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Clarence L. Shaver*, with him *John A. Berkey*, for appellant.

*Frank S. Lucente*, for appellee.

OPINION BY BALDRIGE, P. J., September 26, 1945:

The plaintiff brought an action in assumpsit against the defendant to recover for services rendered. The defendant in his affidavit of defense denied the indebtedness and filed a counterclaim averring plaintiff owes him money. This appeal is from the order of the court below discharging rules obtained by the plaintiff for judgment for want of a sufficient affidavit of defense and for a more specific counterclaim.

The plaintiff in her statement of claim avers that the defendant employed her as a housekeeper and orally agreed to pay her the sum of $5.00 per week during her employment, which began on May 15, 1939, and continued until October 15, 1943, when the contract was

terminated by mutual consent. The affidavit of defense denied the oral contract and alleged the plaintiff acted as housekeeper solely in return for her room and board. The counterclaim set forth that there was due defendant $1164.05 for room and board, clothing and cigarettes furnished plaintiff's minor daughter and for various other items. The plaintiff assigned six separate reasons in support of her motion for judgment for want of a sufficient affidavit of defense. We will discuss but one, namely that the affidavit was not verified as the law requires. The other five are entirely devoid of merit.

The introduction to the affidavit of defense and counterclaim joined thereto is as follows: "Herbert Fidler, the above named defendant, being duly sworn according to law, deposes and says that he has a full, just, true, and legal defense to the whole of plaintiff's claim, of the following nature and character, to wit: . . . " The counterclaim sets forth in consecutively numbered paragraphs the substance of defendant's claim, and at the end of the pleading is the signature "Herbert Fidler". Under his signature is a jurat: "Subscribed and sworn to before me this 9th day of February, 1944. (Seal) Margaret K. Phillips, Notary Public, My com. expires May 11, 1944."

The right of appeal from an order discharging a rule for want of a sufficient affidavit of defense is given by statute (April 18, 1874, P. L. 64, PS §1097), but we do not reverse on an appeal from the refusal to enter judgment unless it clearly appears that the court below erred: *Sundheim v. Beaver County Building and Loan Association*, 136 Pa. Superior Ct. 9, 7 A. 2d 17; *Miller et ux. v. Wayne Title and Trust Company*, 150 Pa. Superior Ct. 536, 29 A. 2d 206. The power of entering a summary judgment should be cautiously exercised. If a doubt exists a judgment should not be entered. Even assuming there is a lack of a proper affidavit or verification to defendant's pleading, the defect is one of form, not of substance.

The proper procedure after a failure to conform with the provisions of our Practice Act is to move within 15 days after service of the affidavit of defense to strike it off as provided by section 21 of the Practice Act of May 14, 1915, P. L. 483, 12 PS §491. The court may then permit a new pleading to be filed under such terms as it may direct. See *Cameron v. Fishman*, 291 Pa. 12, 139 A. 383; *Rhodes v. Terheyden et al.*, 272 Pa. 397, 401, 116 A. 364; *National Cash Register Company v. Ansell et al.*, 125 Pa. Superior Ct. 309, 313, 189 A. 738.

Passing the question of the plaintiff's failure to move to strike off the alleged defective pleading, we are of the opinion that the affidavit of defense was sufficiently verified under section 12 of the Practice Act, supra, 12 PS §411, which provides that a pleading "shall be sworn to by the defendant or some person having knowledge of the facts." It has been ruled that a verification is sufficient if it is contained in the body of the affidavit: 4 Standard Pennsylvania Practice, p. 47, §27. An affidavit of defense and the counterclaim may be separately set forth (*McCall Company v. Kershbaum et al.*, 97 Pa. Superior Ct. 189), but they are a single pleading requiring but one affidavit and verification: 4 Standard Pennsylvania Practice, p. 446, §42.

The appellant asserts that defendant's counterclaim is insufficient in that it lacks precision and exactness and is not selfsustaining, as no dates, description of the articles alleged to have been purchased for her minor daughter, or costs thereof, are set forth, nor is there any allegation that she agreed to pay for the purchases made by the defendant. As the learned court below said, the defendant probably set forth his counterclaim with as much certainty and precision as the nature of the transactions permitted. While it is not a model pleading, it does contain sufficient details to inform the plaintiff the nature and the amount of the claim set forth therein. The defendant was not required to plead evidence upon which he relies. To challenge the counterclaim on the

ground that it so lacks precision and exactness and is insufficient in law to state a cause of action, one should file an affidavit of defense raising questions of law, which is in the nature of a statutory demurrer, under section 20 of the Practice Act of 1915, supra, 12 PS §471 : *Riling v. Idell et al.,* 291 Pa. 472, 140 A. 270; *National Cash Register Company v. Ansell, et al.,* supra; 3 Standard Pennsylvania Practice, p. 692, §10. Plaintiff recognized this as the proper practice and filed an affidavit of defense raising questions of law to the counterclaim, which has not been disposed of as yet by the court below. If the alleged defect in a pleading may be cured by amendment, a final judgment should not be entered without affording an opportunity to amend : *Stevens v. Doylestown Building and Loan Association,* 321 Pa. 173, 183 A. 922.

The order of the court below is affirmed.