# Bean, Appellant, *v.* Harleysville National Bank.

Argued December 13, 1946.  Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harry J. Alker, Jr.,* with him *Edwin Hall, 2nd,* and
*Rebecca Roberts Shelly,* for appellant.

*Roland Fleer,* with him *Guy S. Claire,* for appellee.

OPINION BY ROSS, J., March 4, 1947:

In this case John D. Bean instituted an action of
assumpsit against the Harleysville . National Bank,
claiming that the bank owed him the sum of $1,400 with
interest thereon from June 10, 1943, averring as the basis
for his cause of action that the defendant having in its
possession a judgment note of the plaintiff together with
a bond and mortgage given by Guiseppe Spirito et ux.
as collateral therewith, converted the collateral to its
own use.  The defendant filed an affidavit of defense
raising questions of law averring that the statement did
not set forth a cause of action and did not allege that the
mortgage alleged to have been converted was at the time
of such conversion owned by the plaintiff.· The court
below decided the questions of law against the defendant
and directed that an affidavit of defense be filed to the
merits.  Defendant thereupon filed a motion for a more

specific statement but upon the ground that such motion should have been made prior to the filing of the affidavit of defense raising questions of law, it was refused. The defendant then filed its affidavit of defense and new matter, whereupon the plaintiff took a rule for judgment for want of a sufficient affidavit of defense and filed a reply to the new matter raising questions of law. The court below, in an order discharging the rule, decided the questions of law raised in the plaintiff's reply to new matter in the defendant's affidavit of defense against the plaintiff and allowed him 15 days within which to file an answer, and from that order the plaintiff appealed to this court.

The right of appeal from an order discharging a rule for want of a sufficient affidavit of defense is given by statute (April 18, 1874, P. L. 64), but we do not reverse on an appeal from the refusal to enter judgment unless it clearly appears that the court below erred. *Miller et ux. v. Wayne Title and Trust Co.,* 150 Pa. Superior Ct. 536, 29 A. 2d 206; *Holladay v. Fidler,* 158 Pa. Superior Ct. 100, 43 A. 2d 919. From a review of the pleadings in this case, we are of the opinion that the court did not err in refusing to enter judgment for want of sufficient affidavit of defense.

In questioning the sufficiency of the affidavit of defense the plaintiff contends (1) that the denials therein are not specific and (2) that for all matters of defense the affidavit of defense refers to the new matter.

General or indefinite denials in an affidavit of defense are insufficient, under the Practice Act of May 14, 1915, P. L. 483, section 8 as amended, 12 PS sec. 390; to be effective they must be clear and specific. *Penna. R. R. Co. v. Rubin,* 130 Pa. Superior Ct. 578, 198 A. 521. No arbitrary rule can be laid down for determining whether a denial is general or specific as the denial must be considered in relation to the averments of the statement of claim and the wording thereof in a particular case. As stated in 4 Standard Pennsylvania Practice, sec. 177,

p. 174, "The problem of what is a specific denial is an exceedingly difficult one." In this case the plaintiff refers to "the judgment note of the plaintiff" but nowhere in the statement of claim does he aver that he is the *maker* or the *endorser* or the *endorsee* or the *owner* of the note, and nowhere in the statement of claim does he aver that he is the *owner* of the collateral alleged to have been converted, or that he was the *pledgor* thereof. However, it is not necessary for us to decide whether or not the denials are specific or general, inasmuch as a full and complete answer to the averments of the statement of claim is set up in defendant's new matter; and the affidavit of defense and the new matter are a single pleading. *Holladay v. Fidler*, supra, 158 Pa. Superior Ct. 100, 43 A. 2d 919.

No purpose would be served by reciting in this opinion all the paragraphs of the statement of claim and the corresponding paragraphs in the affidavit of defense. However, the following are typical: In the first paragraph of his statement of claim the plaintiff avers, "On or about the tenth day of June, 1943, the defendant held in its possession the judgment note of the plaintiff, John D. Bean, bearing date October 8, 1932, for the face value of $3,500, and having as collateral therewith two separate bonds and warrants, each accompanied by a mortgage, in the amount of $1,000."; to which defendant replied, "Defendant denies that on June 10, 1943 it held in its possession a judgment note dated October 8, 1932, in the amount of $3,500. Defendant admits that on October 8, 1932 there was given to it a note for $3,500, but denies that said original note was, as averred in plaintiff's statement of claim, the note of the plaintiff; on the contrary, defendant avers, that said original note was succeeded by a series of renewal notes as hereinafter set forth under New Matter. Defendant admits that as collateral for the original and renewal notes, it originally held two bonds and warrants of attorney secured by two mortgages, each in the amount of $1,000. Defendant denies

the implication of plaintiff's statement of claim that said bonds and mortgages were pledged to it by plaintiff, and that plaintiff was the owner thereof; on the contrary, defendant avers that plaintiff was neither the owner nor the pledgor, as hereinafter set forth under New Matter. Defendant also denies the implication from this paragraph of plaintiff's statement of claim that on June 10, 1943, defendant was the owner of said original or any renewal note and legally entitled to hold the collateral security therefor; on the contrary defendant avers as hereinafter set forth under New Matter." In the second paragraph of his statement of claim the plaintiff averred, "That one bond and warrant held by the defendant as collateral to secure the note of the plaintiff, was given by a Guiseppe Spirito, et ux., on November 11, 1926, and accompanied by a second mortgage of equal date and amount secured upon certain real estate therein described . . ."; to which defendant replied, "Defendant admits that one bond and warrant originally held by it as security for the said note was given by Giuseppe Spirito, et ux.; but denies that said bond and mortgage were dated November 11, 1926, and also denies that the note secured by said bond and mortgage was the note of the plaintiff. On the contrary, defendant avers as hereinafter set forth under New Matter." In the seventh paragraph of his statement of claim the plaintiff averred, "That the defendant thereby unlawfully converted the said note of John D. Bean and the collateral to its own use."; to which the defendant replied, "Defendant denies that it had a note which was solely the note of plaintiff, as the statement of claim implies. Defendant denies that it converted any note with which plaintiff had any connection, or any collateral securing it, to its own use. On the contrary, the defendant hereinafter avers as set forth under New Matter."

Judgment on a rule for judgment for want of sufficient affidavit of defense is, in effect, a judgment on demurrer, and must be self-sustaining on the face of the

record. *National Realty Appraisal Co. v. Art Club of Philadelphia,* 129 Pa. Superior Ct. 99, 195 A. 139; *Fritz v. Hathaway,* 135 Pa. 274, 19 A. 1011. As stated by the Supreme Court in a per curiam opinion in *Ridley Park Borough v. American Surety Co. of New York,* 317 Pa. 263, 177 A. 9, at page 265, "If it clearly appears that there is no controlling issue of fact raised by the statement of claim and affidavit of defense, nor by the new matter and reply thereto, judgment may be entered for want of a sufficient affidavit of defense, although the rule therefor is not taken until after the reply to the new matter has been filed. If, however, a controlling issue of fact is thereby raised, the rule for judgment must be discharged, although such controlling issue appears only in the new matter and reply thereto, for, in that event, there is of record a pleading properly denying the right to such judgment."

Assuming—as we must—all the material averments in the affidavit of defense and in the new matter to be true, the plaintiff is not entitled to judgment.

Order is affirmed.