## Weber v. Bittner et al.

*Charles W. Eaby*, for plaintiff.
*Arnold, Bricker & Beyer*, for defendants.

WISSLER, J., April 6, 1950.—This matter is before the court upon preliminary objections to a bill in equity filed by plaintiff alleging that on September 15, 1944, she became the owner in fee of property known as 934 Second Street, now Edgewood Avenue, Lancaster, Pa., that shortly after she obtained a divorce from her husband, to wit, on April 1, 1945, defendant, Edward C.

Bittner, moved into 934 Edgewood Avenue and lived with plaintiff as husband and wife, and during such time plaintiff and defendant entered into a contract of marriage to the effect that defendant would marry plaintiff as soon as defendant obtained a divorce from his wife, with whom he was not living at that time. Having entered into the contract of marriage defendant induced plaintiff to convey to him, and she did convey to him, premises 934 Edgewood Avenue, Lancaster, Pa., for the consideration of $1, by deed dated November 21, 1946, and recorded in the recorder's office at Lancaster, Pa., in Deed Book L, vol. 38, page 467. The property at the time of the conveyance had an approximate value of $7,500. Defendant obtained a divorce from his wife on February 11, 1949, at which time plaintiff, at the request of defendant, was compelled to remove from the premises after having been threatened with eviction by defendant. The bill further alleges that the proceeding from start to finish was fraudulent on the part of defendant, and asks that the court decree the deed of November 21, 1946, null and void, and direct defendant to reconvey the premises to plaintiff.

Defendant's preliminary objections are as follows:

"(1) That under the facts set forth in plaintiff's bill of complaint, plaintiff is barred by the Act of June 22, 1935, P. L. 450, 48 PS §171; (2) that the contract which is the basis of this action is as a matter of law illegal and void because the facts appearing in the bill of complaint show that to plaintiff's knowledge, defendant was already married at the time of the alleged contract of marriage; (3) that plaintiff avers in the bill of complaint that she was party to a contract which is illegal, void and contrary to public policy and, therefore, she is not entitled to equitable relief."

In considering preliminary objections the court must be governed by the rule that a bill in equity should not

be dismissed because of objections under Equity Rule 48, unless the facts show that plaintiff as a matter of law cannot possibly recover.

The question raised by the preliminary objections is whether plaintiff's bill of complaint is barred by section 2 of the Act of June 22, 1935, P. L. 450, 48 PS §171, which provides that:

"All causes of action for breach of contract to marry are hereby abolished: Provided, however, That this section shall not apply to contracts now existing or to causes of action which heretofore accrued."

The exact question involved, it seems, has not been passed upon in Pennsylvania. In Friske v. Cebula, 59 D. & C. 46 (1946), involving an action for recovery of money forwarded to defendant to be retained by her, and the defense that it was forwarded because plaintiff and defendant were engaged to be married, and in the recent case of Bullen v. Neuweiller, 73 D. & C. 207, involving an action in replevin to recover a diamond engagement ring, it was held that the statute was not a bar. In A. B. v. C. D., 36 F. Supp. 85 (1940), it was held the statute was a bar in an action to recover damages averred to have been sustained as a consequence of defendant's fraudulent promise to marry the plaintiff; and in Morris v. Baird, 54 N. Y. S. (2d) 779 (1945), a similar statute was held to be a bar in a complaint seeking to recover specific real property. These cases, however, it would seem are distinguishable; the Pennsylvania court decisions, because they were actions brought at law, and the New York State case, because there was only a promise of marriage and not the further inducement of confidential relationship, as in the case at bar.

The equitable relief sought in the instant case is not barred by the express words of the statute. Plaintiff is not seeking to recover money damages for breach of contract to marry. Plaintiff seeks the aid of equity

to restore her property and prevent the unjust enrichment of defendant. While it is true that equity will not lend its aid to a violation of a statute, particularly when the statute enforces a well established policy of the Commonwealth (Eisenberg v. Eisenberg, 105 Pa. Superior Ct. 30 (1932); Albright v. Albright, 228 Pa. 552 (1910)), on the other hand, if the judicial construction of the statute is further extended to bar other than actions for damages for breach of promise to marry, then the statute which was designed to prevent the unjust enrichment of unscrupulous persons and to avoid perpetration of frauds could become just that, and would deprive a court of its equitable power to afford relief to one who has been deprived of her property by fraud or deceit. It is difficult to conceive that the legislature intended that the statute should apply in cases where a party sought to recover specific real property conveyed in reliance upon fraudulent representations and promise of marriage. As was said in Metzger v. Metzger et al., 338 Pa. 564, 568 (1940), where there exists a confidential relationship there is more than the mere breach of an oral agreement. These cases involve, as Mr. Justice Cardozo pointed out in the leading case of Sinclair v. Purdy et al., 235 N. Y. 245 (1923), 139 N. E. 255, quoting from Wood v. Rabe et al., 96 N. Y. 414, 426 (1884), " 'a confidence induced, not by the bare promise of another, but by the promise and the confidential relation conjoined.' "

Plaintiff in her bill alleges that after she had obtained her divorce on February 2, 1945, defendant, Edward C. Bittner, moved into the property in question and lived with her as husband and wife and later, while this relationship existed, the contract of marriage was entered into, to the effect that defendant would marry plaintiff as soon as he could obtain a divorce from his wife, with whom he was not living, and further alleges that defendant, Edward C. Bittner,

fraudulently induced her to convey to him, on November 21, 1946, the real estate so occupied by them.

We have an issue of facts raised by the pleadings, and for this reason also the preliminary objections may not be sustained. Where a proper judicial determination of the controversy would be facilitated by an opportunity for a broader inquiry into the facts than is presented by the bare pleadings, a rule for judgment is properly discharged: Rodgers v. Mann, 307 Pa. 452 (1932).

And now, April 6, 1950, the preliminary objections to plaintiff's bill are overruled, and defendant is required to file an answer sec. leg.