## Bacon v. Newtown Friends' School

*Pearce H. E. Aul*, for plaintiff.

*T. Sidney Cadwallader, 2nd*, and *C. Laurence Cushmore, Jr.*, of *White, Williams & Scott*, for defendant.

KELLER, P. J., December 20, 1950.—Plaintiff instituted the above-entitled action in assumpsit for breach of a written contract of employment for a definite term without reservation of the right to terminate it at an earlier date. An answer was filed by defendant setting forth new matter endorsed with notice to plaintiff to plead thereto.

Instead of filing a reply to the new matter, plaintiff filed preliminary objections thereto which are, in substance and effect, as follows:

1. Paragraphs 12 to 21, inclusive, are not responsive, do not constitute a defense, and are irrelevant.

2. Paragraphs 12 to 16, inclusive, disclose that certain unnamed individuals are persons alleged to be participants in the making of the contract sued upon and interested in the outcome of this litigation, but defendant does not join them as parties.

3. Paragraph 14, setting forth an alleged cause which motivated defendant in employing plaintiff, is immaterial and attempts to vary the terms of the written agreement offered by defendant and accepted by plaintiff.

4. The averments contained in paragraphs 14, 15 and 16 interpose an alleged parol agreement unsupported by any consideration, and precedent to and at variance with the final written agreement offered by defendant and accepted by plaintiff.

5. Paragraphs 17 to 21, inclusive, are vague and indefinite evidentiary allegations, and are not material facts.

6. The averments contained in paragraphs 17 to 21 are mainly repetitious of allegations set forth in the answer, and do not constitute an affirmative defense.

In the complaint it is averred that on or about May 4, 1949, the school committee, which is the administrative or governing body of defendant school, by its

chairman, appointed and employed plaintiff as a teacher in the school for the school term, from September 10, 1949, to June 20, 1950, at a salary of $3,000. It was also agreed that, in addition thereto, full tuition reduction should be granted for plaintiff's son, who was to attend the school as a student. Plaintiff accepted the offer of employment on May 8, 1949, and assumed his duties on September 15, 1949.

Plaintiff avers that he duly performed all the duties and conditions of the agreement of his employment until on or about November 24, 1949, for which services he received from defendant the sum of $600; that on or about November 24, 1949, was wrongfully and without cause therefor discharged from his employment and that, although he thereafter tendered his services and has been and still is ready and willing to perform the services, he has been prevented from doing so by defendant and that it has continued to reject his services. Plaintiff contends that he is entitled to recover the salary for the remaining period of his employment, aggregating the sum of $2,400.

Defendant, in its answer, admits the terms of employment but denies that plaintiff was wrongfully discharged. On the contrary, it is averred that plaintiff was incompetent to teach the seventh grade or to render administrative and instructional assistance as needed, as he was required to do under the terms of his contract of employment, and that he was unable to preserve and maintain order in the classroom. It is further alleged that plaintiff failed and refused to follow the advice and instruction of the principal of the school and of the school committee.

Defendant also avers, in its answer, that plaintiff, realizing his inability to carry out the terms of his employment, suggested to defendant, on or about October 10, 1949, that he be allowed to leave his employment and that defendant, thereupon, through one Wil-

liam Eves, 3rd, suggested to plaintiff that he continue his efforts on a trial basis for a further brief period, which was agreed to; that subsequently, on October 22, 1949, the principal of the school informed plaintiff, in effect, that his performance during the trial period was unsatisfactory and that the school committee had decided to accept his resignation previously tendered. Plaintiff thereupon relinquished his duties as a teacher and made no objection to the termination of his employment. Plaintiff did not retender his services to defendant until sometime after December 1, 1949, at which time defendant had already employed another person to take plaintiff's place. An additional sum of $200 was tendered to and accepted by plaintiff, in addition to the $600 previously received by him.

Defendant's answer further avers that plaintiff at the time of contracting with defendant was a member of an unincorporated association known as the Haddonfield Monthly Meeting of the Religious Society of Friends, which association is in turn a member of the superior body known as the Yearly Meeting of the Religious Society of Friends of Philadelphia and Vicinity (Arch Street); that the Newtown Monthly Meeting of the Religious Society of Friends, which operates defendant school as aforesaid, is in turn a member of two superior bodies, to wit, the Yearly Meeting of the Religious Society of Friends of Philadelphia and Vicinity (Arch Street) aforesaid, and Philadelphia Yearly Meeting of the Religious Society of Friends (15th and Race Streets); that one of the inducing causes for plaintiff's employment by defendant was his membership in the society and that the discipline of the society, insofar as applicable, formed an implied term and condition of the contract between the parties; that it is provided by the discipline of the Yearly Meeting of the Religious Society of Friends of Philadelphia and Vicinity (Arch Street) that any difference or con-

troversy arising among members thereof shall be submitted to arbitration and that although defendant has requested plaintiff to submit this controversy to arbitration, plaintiff has refused to do so.

Defendant sets forth under "new matter", averments already set forth in its answer to the effect that plaintiff admitted his incompetency to carry out the terms of his employment and suggested that he be allowed to resign; that, after a brief trial period, his request was granted; and that he made no objection or further tender of services until after December 1, 1949, at which time the vacancy had been filled.

A careful consideration of plaintiff's objections convinces us that the first objection must be dismissed. This objection complains generally of all the allegations contained in the new matter as being not responsive to the pleading in the complaint and that they do not constitute a defense and are irrelevant. As to the substance of new matter, 4 Standard Pa. Practice 463, sec. 4, reads as follows:

"New Matter is matter of defense which is not provable under a denial—that is, matter which is extrinsic to the matter set up in the statement of claim as the basis of the cause of action, which, under the rules of evidence, the defendant must affirmatively establish, and which must be set out in the affidavit of defense under a separate heading following the answer made to the averment of the statement of claim."

In Lenahan v. Miners National Bank, 38 Luz. 181, the court states:

"Practice Act defines new matter as any averments not contained in statement and which do not merely deny averments thereof. The matter pleaded must bear some direct relation to cause of action. All facts which tend to disprove any one or more of the averments in statement of claim may be offered under general denial, but those which tend to establish defense inde-

pendent, must be pleaded as new matter, which new matter is not mere denial of old facts set forth in statement."

This observation was cited with approval in Weygandt v. Bell Telephone Company, 65 D. & C. 177, 182.

While it must bear some direct relation to the cause of action, new matter is not intended to be responsive to statements in the complaint. Since the new matter in this case attempts to set forth facts to show a waiver and novation by an agreement between parties that the contract of employment be terminated, it cannot be said that the entire new matter does not constitute a defense. Neither can it be said that it is objectionable as irrelevant, inasmuch if some of the averments are proved, a defense to the complaint would be established.

Plaintiff's second objection must also be dismissed. Plaintiff objects that certain unnamed individuals participating in making the contract and interested in the outcome of this litigation, are not joined as parties thereto. Defendant, in the paragraphs objected to, is attempting to explain why the parties are required by their agreement to arbitrate their differences. The parties referred to have no interest in the case as it is now before the court, which would require or even enable them to be joined as parties to this action. At the argument plaintiff did not press and, in fact, withdrew this objection.

Plaintiff's third and fourth preliminary objections must be sustained and will be considered together. The court is of the opinion that the discipline of the Society of Friends, of which both plaintiff and defendant are members, was not a condition or term of the contract of employment, either express or implied. It is defendant's contention that, since both parties to the contract are members of the society, they are both impliedly bound as to their civil rights by the discipline

of the society requiring that all disputes be submitted to arbitration. The effect of this proposition would be to deprive plaintiff and all individuals similarly situated from recourse to the civil courts of this country for the protection of their civil rights. We cannot concede this to be the law. Had it been the intention of the parties that they be bound by law to submit their differences to arbitration, such a covenant should have been expressly provided in their contract. The courts of this State have repeatedly ruled that the assent to relinquish a trial by jury is not to be found by mere implication: Scholler Bros., Inc., v. Hagen Corp., 158 Pa. Superior Ct. 170, 173, and cases therein cited. In Hunn v. Penna. Institute for the Instruction of the Blind, 221 Pa. 403, 411, the court stated:

"The law recognizes the right of parties to a contract to stipulate the method of arbitrating questions that may arise between them in the performance of mutual covenants, but no such right exists in the absence of an express covenant and he who asserts it has the burden of establishing its existence."

Membership in a religious society will not, of itself, bar its members from recourse to the civil courts where their civil rights are concerned.

"The relations, rights, and obligations arising from membership in a religious society are to be determined according to the constitution, laws, and procedure enacted by that body for such purpose, since all who unite themselves to a religious body do so with an implied consent to its government and are bound by its laws, usages, customs, and principles; and the confession of faith and constitution comprise the terms of an agreement between the members thereof binding upon all, since every person entering membership of a church, impliedly at least, if not expressly, covenants to conform to the rules of the church and to submit to

its authority and discipline. All matters of membership and the rights of members, as such, are addressed solely to the society's officers, except in cases where the civil rights of an individual are at stake or property is involved": 45 Am. Jur. 731, §14.

Defendant, in its contention, relies on section 248(2) of the A. L. I. Restatement of the Law of Contracts, which is quoted as follows:

"Where both parties to a transaction are engaged in the same occupation, or belong to the same group of persons, the usages of that occupation or group are operative, unless one of the parties knows or has reason to know that the other party has an inconsistent intention."

All of the cases listed in the Pennsylvania annotations to the above section refer to trade usages. Such customs and usages are operative to explain the meaning of certain terms in trade contracts and, in fact, to show just what was the intention of the parties involved. In our opinion this section of the restatement cannot be construed to mean that recourse to the civil courts will be impliedly barred by such usages and customs of the particular group.

Plaintiff's objections nos. 5 and 6 will also be considered together. While the court feels that there is some merit to the contentions of plaintiff, the deficiency contained in the new matter is not of sufficient import to require the objections to be sustained. Paragraphs 17 and 21 of the new matter attempt to set forth a defense which, in effect, admits the contract of employment and the premature termination of services, but defends the claim for salary due, on the basis of a voluntary resignation on the part of plaintiff. If this allegation be proved, a good and valid defense to the action in assumpsit would be established. However, defendant is admonished that the inclusion of

evidentiary matters in its pleadings does not conform to Pa. R. C. P. 1019, which requires material facts, on which a cause of action or defense is based, to be stated in a concise and summary form.

Plaintiff further complains of the repetitious manner in which certain allegations are pleaded, both in defendant's answer and again in defendant's new matter. Under Pa. R. C. P. 1030 certain defenses, including waiver and failure of consideration are required to be pleaded under new matter. Any other affirmative defenses may be similarly pleaded. The court is of the opinion that, if the allegations amount to an affirmative defense and are included, in part, both in the answer and new matter, no serious violation of the rules has occurred. In Bean v. Harleysville National Bank, 160 Pa. Superior Ct. 396, the court refused to grant a motion for judgment for want of a sufficient affidavit of defense where defendant in his answer denied certain allegations in such a manner that it may have been construed as general denials and averred certain facts "as hereinafter set forth under New Matter". Since the answer and new matter are contained in one pleading, the court held that mention of the allegations in both the answer and the new matter was not such a breach of the rules of pleading as would warrant granting of the motion above mentioned.

And now, to wit, December 20, 1950, for the reasons herein stated, it is ordered, adjudged and decreed that plaintiff's preliminary objections nos. 1, 2, 5, and 6 are overruled and dismissed. Objections nos. 3 and 4 are sustained because the new matter contained in defendant's answer fails to set forth a good and valid defense. Leave is given to defendant, if it so desires, to amend its answer and new matter within 20 days so as to overcome the objections raised by plaintiff.