# Commonwealth, Appellant, *v.* Baum.

*Practice, C. P.—Lunatics—Expenses for maintenance incurred by Commonwealth—Act of April 9, 1849, P. L. 533—Exemption—Case stated—Petition.*

Where the validity of a claim of the Commonwealth for expenditures for the maintenance of a lunatic is not disputed by the lunatic's committee, but where he alleges that the estate of the lunatic is less than $300 and is therefore entitled to the exemption allowed by the Act of April 9, 1849, P. L. 533, exempting property to the value of $300 from levy and sale on execution, the entry of judgment for defendant on a case stated to determine whether the lunatic's estate is liable for the Commonwealth's claim is irregular. The Commonwealth is entitled to judgment; the proper method of determining its right to the fund is by petition ·for an order on the committee to pay over what he has in his hands.


Argued May 11, 1915. Appeal, No. 123, Jan. T., 1915, by Commonwealth, from judgment of C. P. Northumberland· Co., Sept. T., 1914, No. 579½, for defendant, on case stated, in case of Commonwealth of Pennsylvania v. A. J. Baum, Committee of Jane Marshall, a Lunatic. Before Brown, C. J., Mestrezat, Moschzisker and Frazer, JJ. Reversed.

Case stated to determine the liability of the committee of a‾ lunatic to reimburse the Commonwealth for funds expended for a lunatic's support. Before Moser, J.

The case stated was as follows:

And now, September 14, 1914, it is hereby agreed by and between the parties to the above suit that the following case stated be presented for the opinion of the court in the nature of a special verdict:

Jane Marshall, a soldier's widow of the Borough of Sunbury, County of Northumberland, and State of Pennsylvania, became insane some time during the year 1903. Through an order of relief she was placed upon the poor

district of the Borough of Sunbury, Pa., and on November 11, 1903, she was confined in the State hospital for the insane at Danville, Pa., by the overseers of the poor of the said poor district, where she has continued to the present time.

On March 7, 1904, A. J. Baum was appointed by this court, committee of the estate of the said lunatic, which consisted solely of a widow's pension of $12.00 per month, from which pension the committee has refunded the amount paid by the overseers for her maintenance at the said hospital, viz: $91.25 per annum, the Commonwealth having paid the balance of the maintenance at the said hospital, viz: $2.00 per week to May 1, 1907, and from thence to the present time, $2.50 per week, amounting in all to $1,232.39 to September 1, 1914.

The account of the committee filed March 13, 1913, contains a balance due the estate of the lunatic of $258.32, since which time, said committee has received $216.00, and has disbursed $209.49, leaving a present balance of $264.83.

The Commonwealth now seeks to collect its claim of $1,232.29, and asks that the balance in the hands of the committee, viz: $258.32 be applied thereto. The committee objects to paying to the Commonwealth the balance in his hands upon the ground that his ward has the right and does claim the benefit of the exemption of $300 as provided under the Act of Assembly of April 9, 1849, P. L. 533, which exemption he desires to retain for contingencies and burial of his ward.

If the court be of opinion that the said Jane Marshall is entitled to the benefit of the exemption of $300, then judgment for the defendant; but if not, then judgment for the Commonwealth of Pennsylvania; either side reserves the right to sue out a writ of error therein.

The court ordered that judgment be entered for defendant on the case stated. The Commonwealth appealed.

*Error assigned* was the order of the court.

*John Hyatt Naylor,* with him *Wm. M. Hargest,* Deputy Attorney General, and *Francis Shunk Brown,* Attorney General, for appellant.

*W. J. Sanders,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, July 3, 1915:

Judgment in this case was entered on a case stated. It is therein admitted that the Commonwealth has a valid claim of $1,232.29 against the estate of Jane Marshall, a lunatic, for her maintenance at one of the State hospitals for the insane, but judgment was entered in favor of the defendant, her committee, because, in the opinion of the court below, he was entitled to claim for her the benefit of the exemption of $300 allowed by the Act of April 9, 1849, P. L. 533. The fund in the hands of the committee is now but $258.32, and whether it is to be applied in part payment of the Commonwealth's claim must be determined in the regular way, and not in a proceeding which resulted in the anomalous announcement that, though the Commonwealth's claim is just, it cannot have judgment, for the sole reason that the defendant is without present means of payment. Though the terms of the case stated provide for such a judgment, the court below should not have regarded them as the basis for any judgment, and the one entered cannot be permitted to stand as a precedent of irregularity.

Whether the Commonwealth is entitled to the fund in the hands of the appellee, or a portion of it, in part payment of its concededly just claim for the maintenance of the appellee's ward, will be a matter for the court below upon the petition of the Commonwealth for an order on the committee to pay what he has in his hands. The question irregularly raised by this proceeding can then be orderly disposed of: Elwyn's App., 67 Pa. 367.

Judgment reversed.