## Gaintner's Estate

*Theodore L. Brubaker* and *G. T. Hambright* for petitioner.

*S. Richard Harr*, contra.

SCHAEFFER, J., October 27, 1939.—This is a rule sur claim for the $300 debtor's exemption made by the guardian for the benefit of its ward in the distribution of an insolvent weak-minded person's estate. The ward has been either a guest at the Lancaster County Home or a patient at the Lancaster County Mental Hospital as a public charge from July 11, 1927, to the present time and will continue to be there in the future.

The Conestoga National Bank, of Lancaster, Pa., guardian of Wilton S. Gaintner, a weak-minded person, filed its account in this court showing a balance of $1,-

580.12. At the audit of this account on June 30, 1939, the Commonwealth of Pennsylvania and the Lancaster County Institution District presented claims for maintenance and support of said Wilton S. Gaintner at the Lancaster County institution for $356.57 and $3,347, respectively, thereby rendering the estate insolvent. The guardian then presented a claim for the $300 exemption "so that the weak-minded person may have a proper burial." The ward's nearest relatives are brothers and sisters.

Claims for exemption are generally created by statute. No act of assembly of this State has been submitted or found allowing an exemption in a weak-minded estate. The law provides for the burial of any dependent who dies in the county where the body is unclaimed, the proper expenses thereof not to exceed a certain amount.

The claimant cites the case of Commonwealth v. Baum, etc., 2 Northumb. 63, 70 (1915), wherein the court said:

"While the committee is subject to the orders of the court and the primary object of his appointment is to administer the estate of the lunatic with a view to her care and comfort and to her best interests, the court has no right to arbitrarily compel the committee to pay the balance in his hands to the Commonwealth on account of the claim presented when the committee resists such a payment and desires to retain the moneys in his hands for possible contingencies and to insure a decent burial for his ward, even though the court were so disposed."

This case was reversed by the Supreme Court, reported in 250 Pa. 469, but solely on the question of procedure. In Elwyn's Appeal, 67 Pa. 367, it is indicated that the exemption claim of $300 in the estate of a lunatic cannot be allowed.

A weak-minded person is the ward of the court appointing the guardian and the guardian is simply its bailiff in protecting him and his estate: Gerlach's Estate, 127 Pa. Superior Ct. 293 (1937). However, in the absence of legislation permitting the allowance of the $300 claim

in a weak-minded person's estate, the court is not warranted under the present status of the law, in allowing such a claim.

A reasonable allowance for future burial of the weakminded person may be humane, but the court lacks authority to make such an order in the instant case.

And now, October 27, 1939, the rule for exemption is discharged.