Tide Water Associated Oil Co. *v.* Kay, Appellant.

Argued October 2, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*Paul Brandeis*, with him *Samuel Mink*, for appellant.

*Benjamin A. Katz*, for appellee.

OPINION BY HIRT, J., January 12, 1951:

The judgment here on appeal was entered on the pleadings in favor of the plaintiff company and against the defendant in the sum of $1,254.74. At the argument below, prior to the entry of judgment, defendant's oral motion for leave to amend her affidavit of defense was denied. In the light of the rule that the power of entering summary judgment should be cautiously exercised (*Holladay v. Fidler*, 158 Pa. Superior Ct. 100, 43 A. 2d 919) we may not assume that the defendant cannot plead a good defense to the claim, in whole or in part. The judgment will be set aside and defendant will be given leave to amend.

These facts are admitted by the pleadings: On July 1, 1946, plaintiff, a distributor of petroleum products, agreed in writing with defendant to make certain installations and improvements on her property. The cost

of thus adapting the property to use as a gasoline service station amounted to $2,230 and was borne by plaintiff in consideration of a lease of the premises to it for the term of five years. Plaintiff contemplated reimbursement to the full amount expended, by amortizing the cost of the installation, out of its profits of operation of the service station, at the rate of $37.17 per month. By applying monthly credits in that amount, the balance of the original cost of the improvements remaining on December 13, 1947 was the sum of $1,672.45. On that date the lease of the service station property to plaintiff and the original agreement between the parties were cancelled by agreement of the plaintiff with the defendant. In lieu thereof, and as contemplated by the parties, defendant then leased the service station to Chester Kropp who entered into a contract with plaintiff under which he agreed to buy all of his requirements of petroleum products from the plaintiff company for the period of three years and ten months from December 24, 1947. As part consideration for the mutual releases of the parties from their original undertakings it was agreed by them in writing on December 13, 1947, that plaintiff would credit against the balance of $1,672.45 of original cost then remaining, ½ cent for each gallon of gasoline purchased by Kropp under his contract with plaintiff. And on the contingency that Kropp within the term of his contract with plaintiff, should cease personally to operate the service station, defendant agreed to pay plaintiff, on demand, the balance of $1,672.45 then remaining after crediting that amount with ½ cent for each gallon of gasoline supplied Kropp by the plaintiff.

On September 9, 1948, Kropp discontinued operation of the service station. Plaintiff in its complaint alleged that the total credit to which defendant was then entitled, measured by ½ cent per gallon for all of the gasoline purchased by Kropp, was the sum of $426.71,

reducing defendant's obligation to plaintiff by that amount to $1,245.74. On the above date Kropp sold his interest in the service station to one Nelson Morris, succeeded later by Nelson Enterprises, Incorporated, and plaintiff continued to supply its gasoline to them.

Defendant in her answer averred that the means of proof of the number of gallons of gasoline purchased by Kropp were "within the exclusive control of the plaintiff" and on that ground demanded proof that the total credit due the defendant for gasoline sold to Kropp amounted to but $425.71. We agree with the court below that the averment was legally insufficient because the record itself shows that the defendant's allegation is untrue. Cf. *Bk. of Am. Nat. Tr. & Sav. Assn. v. Sunseri et al.*, 311 Pa. 114, 166 A. 573; *Egner v. McGinnis*, 157 Pa. Superior Ct. 532, 43 A. 2d 655. Obviously not only the plaintiff but the tenant Kropp knew of the credits in question. Defendant makes no averment that Kropp is a "hostile person" and at the same time she has not sought to invoke subsection (c) (1) of Rule 1029 of Civil Procedure by averring that after reasonable investigation she is without knowledge or information sufficient to form a belief as to the truth of the averment. Defendant's answer, under New Matter, also is an insufficient pleading. Under New Matter defendant claimed credit at the rate of ½ cent per gallon for all gasoline sold by plaintiff to Nelson Morris and Nelson Enterprises, the successors of Kropp in the operation of the station, and averred that if given all credits due her there would be a very small deficiency, if any, due plaintiff. These allegations are wholly irrelevant to the issue, in view of the admitted contract of December 13, 1947 between plaintiff and defendant. However, if defendant has any valid basis for claiming credit on the sale of gasoline to Kropp's successors she should be given an opportunity to amend her answer in order to properly plead such de-

fense. The rule is well settled that "The power of entering a summary judgment should be cautiously exercised. If a doubt exists a judgment should not be entered": *Holladay v. Fidler,* supra. In that case it was further emphasized: "If the alleged defect in a pleading may be cured by amendment, a final judgment should not be entered without affording an opportunity to amend: Stevens v. Doylestown Building and Loan Association, 321 Pa. 173, 183 A. 922."

Order reversed with a procedendo.