## Trattner v. Wood Silco Company, Inc., et al.

*James E. Buckingham*, for plaintiff.

*H. B. Cohen* and *Lavere C. Senft*, for defendants.

ANDERSON, J., December 10, 1953.—In this action in assumpsit for rent in the amount of $2,100, alleged to be owed by defendants to plaintiff, defendants by counsel have filed preliminary objections to the complaint.

Defendants move to dismiss the action as to Wood Silco Company, Inc., for lack of venue, alleging that Rule 2179 of the Pennsylvania Rules of Civil Procedure has not been complied with in the complaint. Rule 2179 provides that a personal action against a corporation, except as otherwise provided by an act of assembly, must be brought in and only in: (1) The county where its registered office or principal place of business is located; (2) a county where it regularly conducts business. However, it is to be noted that the above rule states, "except as otherwise provided," and

a perusal of the authorities and statutes indicates clearly that a suit against a foreign corporation, with certain exceptions not applicable in the instant case, may be brought in the county in which the action arose.

"Prior to the enactment of Rule 2179, there were, therefore, three general statutes regulating venue in the cause of action county in actions against foreign corporations. The Business Corporation Law regulated business corporations. . . . The rule in all three statutes was the same; actions could be brought in the cause of action county without qualification or limit. Rule 2198 specifically saves from suspension the venue provisions of the Business Corporation Law. . . . All three statutes therefore remain unsuspended, and actions may be brought in the cause of action county without qualification or limit against foreign corporations or similar entities included within the coverage of . . . The Business Corporation Law. . . . The phrase 'right of action' as used in the Business Corporation Law is synonymous with 'cause of action.' Under a contract for the payment of money, the cause of action arises in the county in which the payments were to have been made, and an action of assumpsit against a foreign business corporation is properly brought in that county": Goodrich-Amram. vol. 2, sec. 2179 (a) 5.

To the same effect is the following comment from Anderson on Pennsylvania Civil Practice, vol. 4, page 225, with reference to rule 2179:

"A personal action, other than mandamus and *quo warranto*, may be brought against a foreign corporation, regardless of the nature of the cause of action, in the county where the cause of action arose. In the case of actions *ex contractu*, the cause of action arises in the county in which the performance or payment is to be made."

See also Alpha Claude Neon Corporation v. Pennsylvania Distilling Company, Inc., 325 Pa. 140.

It is evident from plaintiff's complaint that Wood Silco Company, Inc., is a foreign corporation and that York County is the county in which the cause of action arose; it therefore follows that venue lies in York County and defendants' preliminary objection as to lack of venue must be dismissed.

Defendants' second objection is that the service upon Wood Silco Company, Inc., is defective as shown by the sheriff's return in that rule 2180 of the procedural rules has not been properly complied with as provided by the rule. This objection is valid and must be sustained for the sheriff's return shows that service was made upon "Wood Silco Co. Inc. by handing to and leaving with Patricia C. Kerrigan, Manager of Silco Cut Price Stores, Inc., successor to Wood Silco Co. Inc., a true and attested copy of the same at Silco Cut Price Stores, Inc., 56 S. George Street, York, Pa. . . ."

It is apparent that the person to whom the complaint was handed was not an executive officer, partner or trustee of Wood Silco Company, Inc., nor was she an agent or person in charge of the office or place of business in York County, nor was she its appointed or statutory agent to receive service as provided specifically by the rule. This objection must therefore be sustained.

The third and last objection submitted is in the nature of a demurrer and defendant asks that judgment be entered in favor of Silco Cut Price Stores, Inc., for the reason that the complaint does not state a cause of action against this defendant. Careful scrutiny of the complaint indicates that there may be merit in this contention. The lease is not signed by Silco Cut Price Stores, Inc., nor is there an allegation that this defendant was actually in possession of the premises during the term. Plaintiff's counsel argues that since the lease binds original lessee, Wood Silco Company, Inc., its successors and assigns, and since plaintiff has

pleaded that Silco Cut Price Stores, Inc., is the successor in interest to the Wood Silco Company, Inc., that if it can be shown at trial that this is so and that Silco Cut Price Stores, Inc., occupied the premises under the lease or that the lease was legally assigned to it, that Silco Cut Price Stores, Inc., is liable for the rent. While it is generally correct as a legal principle that covenants to pay rent run with the land, and that where there is privity of estate between the lessor and the assignee of the lessee, the assignee is bound unto the lessor, yet it would seem clear that the actual facts upon which plaintiff relies should be pleaded rather than the nebulous term "successor in interest." However, we subscribe to the often reiterated rule that the power of entering a summary judgment should be cautiously exercised and that if an alleged defect in a pleading may be cured by amendment, a final judgment should not be entered without affording an opportunity to amend: Tidewater Associated Oil Co. v. Kay, 168 Pa. Superior Ct. 263. We will therefore give plaintiff an opportunity to amend the complaint. In fairness to plaintiff's present counsel it should perhaps be stated that he was not counsel in this action originally and did not draw the complaint.

The following order is therefore directed to be entered:

And now, to wit, December 10, 1953, it is ordered, adjudged and decreed:

1. That defendants' objection numbered 1 relating to venue be dismissed.

2. That defendants' objection numbered 2, relating to service of the complaint, be sustained.

3. That defendants' objection numbered 3 be sustained and judgment be entered in favor of Silco Cut Price Stores, Inc., unless within 20 days of the date of this order, plaintiff amends the complaint by pleading facts upon which a cause of action will lie. Exceptions are granted to the action of the court in this regard.