## Anders v. Russo

*W. Edward Bushong, Jr.*, for plaintiff.
*Irwin S. Rubin*, for defendant.

KNIGHT, P. J., February 1, 1955.—This is an action in assumpsit on a book account for goods and merchandise sold and delivered. Plaintiff is a dealer in building materials and defendant is a contractor. The claim is for $2,798.79 for building materials sold and delivered to defendant between June 24, 1953, and June 23, 1954.

Paragraph 5 of the complaint avers:

"5. The plaintiff, at the special instance and request of the defendant, sold and delivered to the defendant, goods, wares and merchandise on the dates, at the times, in the numbers and quantities of the kinds, descriptions and qualities, and for the prices as set forth in a true and correct copy of the plaintiff's books of original entry, hereto attached, made a part hereof, and marked 'Plaintiff's exhibit A'."

The corresponding paragraph of the answer avers:

"5. Admitted that plaintiff sold defendant goods, wares and merchandise. However, the dates, amounts and prices are peculiarly within the knowledge of the plaintiff and proof of the same is demanded at trial."

Attached to the complaint (exhibit A) is a copy of plaintiff's book of original entry. It is a completely itemized statement of plaintiff's account with defendant showing each item sold and delivered to defendant, the price thereof and the job for which it was intended. Defendant evidently looks for support for his answer to Rule 1029 of the Rules of Civil Procedure, which provides, inter alia:

"Rule 1029 Denials. Demand of Proof. Effect of Failure to Deny or Demand Proof.

"(c) An averment shall be deemed to be denied if proof thereof is demanded and the pleader states either

"(2) That he is without such knowledge or information because the means of proof are within the *exclusive* control of an adverse party or hostile person."

Defendant does not say that the dates, amounts and prices are *exclusively* within the knowledge of plaintiff, but that they are *peculiarly* within his knowledge. Plaintiff may have a better or more complete knowledge of the dates, amounts and prices, but he does not have exclusive knowledge of them. The merchandise was delivered to defendant and it is a matter of common knowledge that merchants send out periodic statements to their customers. This defendant, no doubt, got many bills from plaintiff in the year of their dealing with each other. We have no doubt defendant could have had an itemized statement of his account at any time upon request.

In the eighth paragraph of the answer defendant avers that he is without knowledge of how much, if anything, is owed plaintiff, and demands proof. This is insufficient. There is no denial that money is owed

by him to plaintiff and he must be as specific in his denial as plaintiff must be in his claim. The answer is insufficient to prevent judgment.

And now, February 1, 1955, the motion is allowed, and it is directed that judgment be entered for plaintiff and against defendant for the sum of $2,798.75 with interest from June 23, 1954, a total of $2,899.75.