**Sayre Land Co. v. Borough of Sayre**

*James W. Cullen*, for plaintiff.

*M. L. Epstein* and *Edward C. O'Conner*, for defendant.

ROSENFIELD, P. J., May 12, 1955.—On May 14, 1954, The Sayre Land Company instituted an action of ejectment against the Borough of Sayre to recover possession of land then being used by defendant borough as a park, paper title to which was and is admittedly in plaintiff, and which plaintiff claims the borough held under a lease which plaintiff had terminated a short time prior thereto. On June 2, 1954, the borough filed an answer to the complaint setting forth therein claim of title by adverse possession for 33 years, but failing to set forth the facts which were the basis of the claim of adverse possession. Five days later, apparently as an afterthought, defendant filed a paper entitled "Additional New Matter" stating "There has been a common-law dedication of the aforesaid described land to the use of the public" without setting forth facts upon which the dedication

was predicated. We held that answer and two subsequent answers were inadequate to prevent a judgment, but in each instance we gave the borough an opportunity to amend. In our last opinion we requested the borough to make a special effort to comply fully with the rules covering pleadings and suggested that, in our opinion, four opportunities to answer should be sufficient.

To the last answer and new matter filed by defendant, plaintiff has filed preliminary objections in the form of a demurrer.

Plaintiff complains that defendant's paragraph 5 is not a specific, logical and legal denial. Plaintiff alleges in amended paragraph 5 of the complaint that on or about April 16, 1894, plaintiff executed and delivered to defendant a written instrument bearing the same date, a copy of which was attached and in which plaintiff leased the land to defendant for one year, and that on June 11, 1894, the Council of Sayre Borough accepted the same by resolution of council signed by the president, attested by the secretary, and approved by the burgess, June 13, 1894. (Exhibit C)

Defendant avers in paragraph 5(a) that "it is without knowledge or information as to the same". Plaintiff claims this cannot be true, because the lease is referred to in the borough's own records. It is difficult to believe that the borough has no knowledge of a lease referred to in its own resolution, and we are inclined to believe that the denial is inadequate. The resolution of the council, which is denied by the borough, accepts "the lease dated April 16, 1894". Such a lease was produced from the records of the plaintiff, and if this is not the lease referred to, then the borough must produce from its records or elsewhere, and plead the lease which it alleges was referred to. Hascher Bros. v. Haring, 47 Montg. 49; 4 Standard Pa. Practice §§257 and 345; 2 Anderson 451. It was

the defendant's duty to set forth facts which on their face would reasonably tend to rebut the presumption of knowledge and show why full information regarding the transactions of the borough council are not known and available to the council itself: Bell Telephone Company v. Pinchot, 4 Monroe 75.

Defendant avers in paragraph 5(b) that plaintiff's pleadings that it leased the land is a conclusion of law and needs no denial, and "the proposed lease averred by the plaintiff, if it existed at all, having been only an unconsummated, incomplete arrangement, never formalized or perfected". It may be that the word "lease" is a legal conclusion to be drawn from the facts. In that event, it needed no denial, but the facts upon which the conclusion is predicated must be denied. The remainder of the answer is evasive, to say the least. From the pleadings, we would conclude that a lease was entered into by the defendant, even though no writing was signed by the defendant borough. Neither the offer of the lease nor the acceptance by the borough, as set forth in plaintiff's exhibits a and c, is denied. Since the law implies the admission of the foregoing facts from the failure to deny them, "the force and effect as well as the interpretation and construction of a writing, as to whether it will be a lease or not, is for the determination of the court and not for the jury": Dumn v. Rothermel, 112 Pa. 272. "To render a written lease valid and binding on the lessor, it is not essential that it be signed by the lessee": 32 Am. Jur. §59, §37. The lessor was bound when the council, by resolution, accepted the gift of the lease, in our opinion: Duncan Estate, 330 Pa. 241. Hence, we hold that a lease did exist.

In paragraph 5(c) defendant alleges that the resolution of the borough council accepting the lease was merely a preliminary step leading to a possible formal lease. We do not understand the basis for this con-

tention, for the resolution accepts "the terms of the lease dated April 16, 1894", and authorizes the president of the council "to execute said lease on behalf of the borough". No change in the terms was contemplated. The mere fact that it was not formally executed is not material, as we have concluded above. Had the company refused to permit the borough to go into possession under the lease or to remain to the end of any year, the borough would have had a right of action against the land company to enforce the lease.

Paragraph 6 of the answer is obviously an insufficient denial, for it frankly admits the giving of the notice as alleged in paragraph 6 of the complaint.

Paragraph 7 of the answer is an insufficient denial of the terms of the lease. It merely denies that there was a lease.

Paragraph 10 of the defendant's answer under the heading of "New Matter" is inadequate. It alleges that the defendant "on or about October 10, 1921 did make open disavowal of plaintiff's title to the above described land". Impliedly the borough admits that up to October 10, 1921, the land company had title. This may be inconsistent with the borough's averment of a dedication in 1894. The facts of the disavowal are not pleaded nor is there any averment that the disavowal was brought home to the land company. The land company contends that even assuming the borough may acquire title by adverse possession, the allegations are insufficient. In Zeller's Lessee v. Eckert et al., 4 Howard Reports 289, 45 U. S. 289, 11 L. Ed. 979, a case arising in this district of Pennsylvania, the United States Supreme Court held more than a century ago that "Where the original possession by the holder of land is in privity with the title of the rightful owner, in order to enable such holder to avail himself of the statute of limitations, nothing short of an open and explicit disavowal and disclaimer of

holding under that title, and assertion of title in himself *brought home to the other party,* will satisfy the law". "When the possession of one person is shown to have been in subordination to the title of another, the presumption is that the possession so continued and proof sufficient to overcome the presumption must show that the holder of the record title had *express notice* that the party in possession was claiming adversely": Johns v. Johns, 244 Pa. 48 (1914). "An intent to hold adversely is not sufficient": Bannon et al. v. Brandon, 34 Pa. 263. "Mere declaration of his intention is insufficient": Cadwalader v. App et al. 81 Pa. 194. This paragraph falls far short of being sufficient to sustain a verdict in favor of the borough as a holder of a title by adverse possession, even if we assume that the borough, though it possessed the power of eminent/domain, may acquire title by adverse possession. The land company contends that the borough has no more power to acquire land by adverse possession than has a railroad or other company possessing the right of eminent domain. On this point we have sustained the land company in our previous opinions which we incorporate herein by reference.

In paragraph 11 of the answer, the borough contends that it went into possession without any formal contractual or leasing arrangement and, therefore, there was an implied dedication because the plaintiff permitted the park to be used by the borough for nearly 60 years without objection and the use was adverse and showed a dedication without actual intention of the Sayre Land Company. These allegations are illogical, inconsistent, contrary to law and contrary to the facts of the case. There can be no dedication "regardless of the actual intention of the Sayre Land Company". "A dedication may be defined as the devotion of land to a public use, by an *unequivocal* act of the owner of the fee, manifesting the *intention* that

it shall be accepted and used presently or in the future for such purposes": 26 C. J. S. 49. "The *clearly manifest* intention to dedicate must be shown before the owner can be deprived of his property on that ground": Bellefield Avenue, 2 Pa. Superior Ct. 148. "The mere fact of user was not sufficient to establish a dedication, but there must be further proof, indicating an intention to dedicate": Weiss v. South Bethlehem Borough, 136 Pa. 294 (305). " 'A dedication to the public use must rest on the intention or *clear assent* of the owner, and must be under such circumstances as to indicate an abandonment to the use of the community' ": Peterson v. Marianna Borough, 310 Pa. 524 (1933). ". . . It takes from the land owner nothing that he did not intend to give": 26 C. J. S. 51. In the instant case, the facts and circumstances not only fail to show a clearly manifest intention to dedicate but show the contrary, a clearly manifest intention to lease and not to dedicate, and this intention is in writing. The fact that admittedly the land company gave to the borough a deed of one property and a lease of the property in question manifests a clear intention not to dedicate. The land company did permit the use of land as a park, but its intention to lease was committed to writing. This gave the borough a right to enter in April, 1894. The right of entry became final by the action of council in accepting the lease. "It is, however, well settled, that one who has a right of entry upon lands will be presumed to have entered in virtue of that right rather than as a trespasser": Harding v. Seeley, 148 Pa. 20 (22). No allegation by the borough takes the case out of this rule.

Moreover, the land company is a corporation and, "As a general rule, officers or directors of a corporation cannot give away its assets or property unless authorization is given by the stockholders": 19 C. J. S. §1041. "Individual officers of a corporation can bind

the corporation only when they act in their official capacities as officers of such corporation and within the scope of their authority": Peterson v. Marianna Borough, 310 Pa. 524, a case resembling the instant case wherein the lower court held against a contention like that which the borough is making in the present case, and the decision was affirmed by the Supreme Court. There is no allegation of any corporate authority or action sustaining the borough's view in this case.

In paragraph 11 (f), the borough alleges that the publc use "shows a dedication regardless of the actual intention of the Sayre Land Company". This allegation is contrary to law, as we understand it. Counsel for the borough have called our attention to no authority sustaining the position that there can be a dedication regardless of the intention of the land company. In fact, despite our repeated requests for citations of authority, counsel for the borough presented us with a brief at this argument in which no authority was cited on any question. To us this absence of citations is significant.

In paragraph 12, defendant alleges that the Sayre Land Company made an implied dedication of this land for park purposes on April 16, 1894. The interpretation of the writings, that is, the lease and the resolution accepting the same, is for the court. These written instruments negative such an implied dedication, and this is particularly true in view of the fact that the borough formally accepted the terms of the lease on June 13, 1894, almost two months after the alleged implied dedication of April 16, 1894, which we hold does not exist. This acceptance was a recognition of the title of the land company.

In paragraph 13, the defendant borough alleges that the use of the land by the public constituted the acceptance of the dedication by the borough. But in the absence of an intention to dedicate, there can be

no acceptance for there is nothing to accept. "Dedication of land to public use as a highway is a question of intention .When the intention to dedicate exists, and the way is used by the public, the dedication will become effective without reference to the length of time covered by such user; but, when there is no such intention, the user will not work a dedication, however long continued": Weiss. v. South Bethlehem Borough, 136 Pa. 294. In the present case, the use is as consistent with the permissive use and the lease as it is with the dedication. Hence, there is no unequivocal act from which a dedication may be inferred. Therefore, there is nothing to accept.

For more than a year we have been endeavoring to elicit from the borough the facts upon which it bases its claim. Such allegations of fact have not been forthcoming. Therefore, we make the following order:

*Order*

And now, May 12, 1955, 8:27 a.m., after carefully considering the pleadings, the plaintiff's preliminary objection in the form of a demurrer is sustained and judgment in ejectment for possession of the property described in the complaint is directed to be entered in favor of the plaintiff, Sayre Land Company, and against the defendant, Sayre Borough.

Note: On May 14, 1954, the parties hereto entered into an agreement that this case be heard by the court without a jury. On August 10, 1954, the defendant borough of Sayre filed a petition to withdraw the stipulation and to have the case passed upon by a jury. In view of the foregoing opinion, the question presented by the petition to withdraw the stipulation and answer filed thereto by the plaintiff becomes moot and we do not decide that question.