Medusa Portland Cement Company, Appellant, *v.* Marion Coal & Supply Co.

6

Argued April 13, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Harry R. Levy,* for appellant.

*Lloyd F. Engle, Jr.,* with him *Wilner, Wilner & Kuhn,* for appellee.

OPINION BY FLOOD, J., June 11, 1964:

The plaintiff has appealed from the denial of his motion for judgment on the pleadings in an action on a book account for goods sold and delivered in July and August 1962 "at the special instance and request of the defendant."

The defendant corporation's answer, sworn to by its president, states: "For the reasons set forth hereinafter under 'New Matter', the defendant is without sufficient knowledge, after reasonable investigation, to form an opinion as to the truth or falsity of the averments . . . and verily believes that the exclusive knowledge thereof is in the plaintiff and, therefore, denies same and demands strict proof thereof at the time of trial." Under "New Matter", it avers that the affiant was elected president of the corporation in January 1963 and "has no knowledge of any special instance or request of the defendant company for the delivery of the wares and merchandise alleged in the Complaint, nor do the records of the Company show any request or commitment on the part of the defendant-company therefor."

The plaintiff moved for judgment on the pleadings on the ground that the defendant "is bound to have knowledge" as to the "receipt and delivery and acceptance of the merchandise" and that the denials contravene the provisions of Pa. R. C. P. No. 1029.

The specific denial of the essential averments of the complaint required by Pa. R. C. P. No. 1029(b) may be replaced by a mere demand for proof under Pa. R. C. P. No. 1029(c) only when the pleader states either "(1) that after reasonable investigation he is without knowledge or information sufficient to form a belief as to the truth of the averment, or (2) that he is without such knowledge or information because the means of proof are within the exclusive control of an adverse party or hostile person."

Where it is obvious that the means of information are not within the exclusive control of the adverse party, an averment that he has such exclusive knowledge is not a proper basis for a demand for proof instead of a denial and "the court ought to ignore such an averment." *Elia v. Olszewski,* 368 Pa. 578, 580, 84 A. 2d 188, 190 (1951). See also *Tide Water Associated Oil Co. v. Kay,* 168 Pa. Superior Ct. 263, 77 A. 2d 754 (1951) and *Anders v. Russo,* 4 Pa. D. & C. 2d 397 (1955).

An answer merely averring lack of knowledge is also ineffective when it affirmatively appears that the defendant had sufficient knowledge on which to base an admission or specific denial. *Sayre Land Co. v. Sayre Borough,* 5 Pa. D. & C. 2d 294 (1955), affirmed, 384 Pa. 534, 121 A. 2d 579 (1956).

The affidavit here is definitely evasive on two counts. First, although it states that the affiant, the recently elected president, has no personal knowledge, it does not specifically deny that the corporation has such knowledge. Knowledge of what did or did not happen is or was possessed by some of the corporation's officers, agents or employes or by persons who formerly held these positions.

A corporation cannot effectively avoid a specific denial merely by having one of its officers say that he does not have the requisite knowledge or that the transaction is not reflected in the corporate books. It may be that the affiant intended that a denial of knowledge by the corporation or its agents should be inferred from the statement that exclusive knowledge is in the plaintiff. This inference cannot be drawn.

Such an affidavit would not be accepted from an individual defendant. This affidavit is analogous to an individual defendant's swearing that he does not remember whether or not such transactions occurred and therefore exclusive knowledge is in the plaintiff.

A corporation has no more right than an individual to plead this way.

In the second place the plaintiff's averments are denied "for the reasons set forth under 'New Matter'" but the denial in "New Matter" reaches only the contract of purchase and not the delivery or acceptance. This is insufficient. *Cokely v. Stipp,* 83 Pa. Superior Ct. 184 (1924).

The court below held that the book account was insufficiently detailed in the complaint. This, however, is unimportant if its correctness is admitted either expressly or by an insufficient denial.

In our opinion, the complaint is sufficient and the answer is insufficient, but "in the light of the rule that the power of entering summary judgment should be cautiously exercised we may not assume that the defendant cannot plead a good defense to the claim in whole or in part." *Tide Water Associated Oil Co. v. Kay,* supra, at 264, 77 A. 2d at 755. The order should be vacated but the defendant given an opportunity to file an amended answer.

Order vacated with a procedendo.