## First National Bank and Trust Co. of Newtown v. Errico

*Steven H. Sailer,* for plaintiff.
*Nicholas Mancini,* for defendants.

KELTON, *J.*, October 24, 1985—This matter is before the court on plaintiff's motion for summary judgment. This is an action of mortgage foreclosure. It is not in dispute that on September 28, 1984, defendants William A. Errico and his wife, Shirley A. Errico, executed a mortgage and note on their property at 72 Durham Road, Newtown, Bucks County, Pa. Plaintiffs aver in their complaint that defendants have defaulted upon the monthly payments of this mortgage for a period in excess of four months and demand judgment against defendants in the sum of $26,054.12, together with interest and costs.

A motion for summary judgment is appropriate when no genuine question of material fact exists and when the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 103(b). In ruling on a motion for summary judgment, the court must accept as true all well-pleaded facts in the nonmoving party's pleadings and inferences reasonably deduced therefrom. Thompson Coal Co. v. Pike Coal Co., 488 Pa. 204, 412 A.2d 466 (1980).

Defendants first argue that an issue of fact exists as to whether or not they are in default on the mortgage and note. The heart of this contention concerns monies that defendants' aunt, Rose Marie Errico, has pledged as added security or collateral on defendants' debts. Specifically, defendants contend that plaintiff's failure to exercise its right to use the monies pledged by Rose Marie Errico to extinguish the instant debt, raises a material fact issue.

This contention that plaintiff is bound to refer to the collateral before proceeding against the mortgaged real estate is without merit. Since 1845, the law in Pennsylvania has been that a pledgee's remedies, as against the primary debtor and the collateral

pledgor, are concurrent. A pledgee is not bound to resort to the collateral before proceeding to judgment against the debtor. In re Thorn, 2 Pa. 331 (1845). See also Monnoyer v. Gaffney, 222 Pa. Super. 30, 292 A.2d 523 (1972). We do not find that an issue of fact is present merely because defendants have alleged, ipse dixit, that certain collateral was pledged as security for defendants' debts.*

Our review of the pleadings, exhibits and the affidavits submitted by plaintiff lead us to conclude that no issue of fact is present on the issue of whether or not the monthly payments have been made. We first review the pleadings. Plaintiff avers in paragraph 5 of its complaint that defendants have defaulted upon the monthly payments of said mortgage for a period of four months.

Defendants' answer to paragraph 4 states:

"Denied. This is a legal conclusion to which no response is necessary. Should an answer be deemed necessary, however, it is specifically denied that defendants are in default. By way of further answer, see defendants' new matter below."

That answer is insufficient denial and therefore constitutes an admission. See Cercone v. Cercone, 254 Pa. Super. 381, 386 A.2d 1 (1978), and Medusa Portland Cement Co. v. Marion Coal & Supply Co.,

---

*In defendants' memorandum of law in opposition to plaintiff's motion for summary judgment, defendants allege that their assignment of "Nyari-Errico Contract rights" to plaintiff as collateral for the instant debt creates an issue of fact which precludes summary judgment. We find no mention of a Nyari-Errico contract in any of defendants' responsive pleadings. Accordingly, we need not address this issue. See Pa.R.C.P. 1032. However, we note that it has long been held in Pennsylvania that a creditor may hold an unlimited number of collaterals and avail itself of any of them, so long as the debt remains upaid. Lishy v. O'Brien, 4 Watts 141 (1835); Potter v. McCoy, 26 Pa. 458 (1856).

204 Pa. Super. 5, 201 A.2d 285 (1975). Defendants' reference to new matter in this answer refers only to the issue of collateral pledge by their Aunt Rose. As discussed above, we found no merit in this contention.

In paragraph 4 of its complaint, plaintiff has alleged that true and correct copies of the original mortgage instrument and accompanying note have been attached to and incorporated into the complaint by reference. Defendants' answer states that although the document appears to be a mortgage instrument, they are without knowledge or information sufficient to form a belief as to the truth of all allegations contained in paragraph 4. Again, we find defendants' answer to be an insufficient denial under Cercone and Medusa, supra.

Similarly, plaintiff has averred in paragraph 8 of its complaint that a principal balance of $23,675.57 was presently due on defendants' note and mortgage. Defendants answer this averment by stating that no default has occurred and no amount is due. We find this also to be an insufficient denial under Cercone and Medusa Portland Cement Co., supra, and treat it as an admission.

Also, on the question of the amount due, we consider the affidavit of James S. Dzomba and accompanying documentation, which plaintiff has attached to its motion for summary judgment. Affiant Dzomba states he is an employee of plaintiff and participates in the collection of delinquent accounts such as defendants'. Included within this affidavit are the balance due and amount of delinquency on defendants' mortgage and an attached computer print-out of defendants' account. We find this situation to be disposed of by Pa.R.C.P. 1035(d), which states in relevant part:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him." See also Phaff v. Gerner, 451 Pa. 146, 303 A.2d 826 (1973). Defendants are relying on the allegations in their pleadings and have submitted no supporting material for the court to consider. Since defendants have not complied with Rule 1035(d), we find no issue of fact as to the amount due.

Defendants finally contend that a material fact exists as to plaintiff's request for counsel fees at the fixed rate of 10 percent of the mortgage balance. We agree with defendants that plaintiff is entitled in this case only to counsel fees and costs of proceeding to foreclosure which are both reasonable and actually incurred. See Act of January 30, 1974, P.L. 13, §§404, 406, 41 P.S. §§404, 406. At this time, we cannot determine whether plaintiff will incur counsel fees in the amount requested and therefore defer disposition of the question of counsel fees, with leave to any party to have the reasonableness of fees determined at the time of review of the sheriff's schedule of distribution.

Accordingly, for the foregoing reasons, we make the following

## ORDER

And now, this October 24, 1985, plaintiff's motion for summary judgment is granted, and judgment of mortgage foreclosure is entered against the property of defendants, William A. Errico and Shir-

ley A. Errico, described in plaintiff's complaint. The court fixes the amount due as $21,898.39, plus interest from July 25, 1985 and reasonable attorney's fees.